**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ERIC MITCHELL BLANTON,

    Plaintiff,

v.

ATTORNEY SOPHIA BUTLER; and
ATTORNEY JOHN LOCKWOOD,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-37

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 13.) For the reasons which follow, the Court should **GRANT** Defendants' Motion and **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Additionally, Plaintiff's Motion for a Preliminary Injunction (doc. 9) should be **DISMISSED**, and he should be **DENIED** leave to appeal *in forma pauperis*.

### BACKGROUND

Plaintiff filed his Complaint against attorneys Sophia Butler and John Lockwood on March 20, 2015. (Doc. 1.) Defendants, public defenders in the Office of the Brunswick Judicial Circuit in Brunswick, Georgia ("Brunswick Public Defender's Office"), represented Plaintiff on criminal charges in the Superior Court of Appling County. In that state criminal case, Plaintiff was convicted by way of guilty plea to possession of a Schedule IV controlled substance and obstruction of officers. (Doc. 1-1.) Plaintiff contends that Defendant Butler conspired with Defendant Lockwood to violate Plaintiff's constitutional rights. Id. Plaintiff maintains

Defendants undertook this conduct in relation for a complaint Plaintiff had filed against another member of the Brunswick Public Defender's Office. He brings this action pursuant to 42 U.S.C. § 1983, and requests $350,000.00 in compensatory damages and seeks to withdraw his guilty plea in the state criminal action. (Id. at pp. 8–9.) Defendants filed the instant Motion to Dismiss asserting numerous grounds for dismissal. (Doc. 13.) Plaintiff filed a Response in opposition (doc. 17)[1] to which Defendants have replied (doc. 21).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether Plaintiff's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation

---

[1] The Court notes that Plaintiff has expanded his factual allegations in this Response. However, this is not a proper vehicle for Plaintiff to amend his Complaint, and the Court will address the allegations in his Complaint. Burgess v. Religious Tech. Ctr., Inc., 600 Fed. App'x 657, 665 (11th Cir. Jan. 26, 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (citing Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009)).

2

should be interpreted so as to excuse mistakes by those who proceed without counsel."). Moreover, the Court cannot supply essential elements of a claim for a pro se plaintiff if these facts are not initially pleaded in the complaint. See, e.g., Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010) (leniency accorded to pro se pleadings "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action") (citation omitted).

After careful consideration of all of the pleadings in this case, the Court finds numerous grounds for dismissal of Plaintiff's Complaint.

**I.  Heck v. Humphrey and Rooker-Feldman**

Plaintiff's Complaint centers on his prior conviction in Appling County Superior Court. However, the Complaint indicates that his conviction has not been reversed, expunged, invalidated, called into question by a federal court's issuance of the writ of habeas corpus, or otherwise overturned. (Doc. 1.) Indeed, Plaintiff seeks to withdraw that guilty plea. (Doc. 1-1.) As Plaintiff is seeking compensatory damages ($350,000), this Court is precluded from reviewing his claims by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding was terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).

3

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id</u>. at 486–87 (emphasis added).

Under <u>Heck</u>, a Section 1983 plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. <u>Id.</u> If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. <u>Id.</u> at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his Section 1983 claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. <u>Id.</u> at 487.

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy <u>Heck</u>'s favorable termination requirement." <u>Desravines v. Fla. Dep't of Fin. Servs.</u>, No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011) *report and recommendation adopted by,* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8,

2011) (citing Gray v. Kinsey, No. 3:09–cv–324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp.2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because Plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp.2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck )); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013) *report and recommendation adopted by*, No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by*, No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff has not shown that his conviction or sentence has been favorably terminated. Quite the contrary, Plaintiff's chief complaint is that actions of Defendants led to the conviction, and he directly asks to withdraw his guilty plea. (Doc. 1.) Furthermore, a plaintiff's claim that his guilty plea was not entered into knowingly or voluntarily "goes 'to the fundamental legality' of his conviction and is barred by Heck until the plaintiff shows that his conviction has been invalidated." Lockett v. Wright, No. CV 112-150 (S.D. Ga. Jan. 15, 2013); see also, Salas v. Pierce, 297 Fed. App'x 874, 876 (11th Cir. 2008) (district court properly found

that plaintiff's Section 1983 claim against assistant district attorney for conspiring with his counsel to coerce him into pleading guilty was barred by Heck). Accordingly, Plaintiff's claims are unquestionably precluded by the Heck decision.

Additional grounds support dismissal of Plaintiff's claims. Pursuant to the Rooker–Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims which essentially seek review of a state-court criminal conviction against him. "The Rooker–Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). Nor, under the Rooker–Feldman doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker–Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Plaintiff, through this Section 1983 action, essentially asks this Court to invalidate his conviction by the Glynn County Superior Court, this Court lacks jurisdiction over his claims.

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

**II.     Claims Against Private Actor**

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. The state-actor requirement traditionally precludes suit against a private party under Section 1983, because a private party may qualify as a state actor for Section 1983 purposes only in "rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit Court of Appeals recognizes a private party as a state actor only when one of three tests is satisfied: "the state compulsion test, the public function test, or the nexus/joint action test." Davis v. Self, 547 F. App'x 927, 933–34 (11th Cir. 2013) (citing Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001)).

A defense attorney, whether court-appointed or privately retained, represents only his client, not the state. Polk Cty. v. Dodson, 454 U.S. 312 (1982). Accordingly, the law is well established that "'[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Pearson v. Myles, 189 Fed. App'x 865, 866 (11th Cir. 2006) (quoting Polk County, 454 U.S. at 325; see also Dixon v. Eaves, No. CV512-129, at *3 (S.D. Ga. Dec. 26, 2012) (ineffective assistance of counsel allegations against plaintiff's court-appointed attorney in criminal proceeding failed to state claim under § 1983); Cobb v. Reeves, No. CV612-085, 2012 U.S. Dist. LEXIS 156543, at *4 (S.D. Ga. Oct. 4, 2012) (same). Thus, a defense attorney does not act "under color of state law," a critical element of a Section 1983 claim. Since Defendants Butler and Lockwood were

not state actors, Plaintiff cannot state a claim against them under Section 1983.[2] This deficiency provides another ground for dismissal of Plaintiff's Complaint.

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2] Defendants acknowledge in their Supporting Brief that a public defender may be subject to suit under Section 1983 when conspiring with someone who did act under color of state law. (Doc. 13-1 at 6.) However, as Defendants correctly point out, Plaintiff has failed to set forth a plausible claim of such a conspiracy in his Complaint.

[3] A certificate of appealablity is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **GRANT** Defendant's Motion to Dismiss and **DISMISS THIS ACTION** for Plaintiff's failure to state a claim. I further **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Preliminary Injunction (doc. 9) and **DENY** him leave to appeal *in forma pauperis.*

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 6th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA